**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOEL THOM,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:26-cv-00373-ADA-ML** |
| | § | |
| **PERCEPTA, LLC,** | § | |
| **Defendant.** | § | |

**DEFENDANT PERCEPTA, LLC'S MOTION FOR PARTIAL DISMISSAL OF THIRD AMENDED COMPLAINT, COUNTS II AND VIII [ECF 58]**

Defendant Percepta, LLC ("Percepta"), through its counsel of record and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court for entry of an Order dismissing two counts within Plaintiff Joel Thom's Third Amended Complaint [ECF 58] ("3AC"). Specifically, Percepta seeks dismissal with prejudice of Count II (Title VII Retaliatory Hostile Work Environment) and Count VIII (§ 1981 Retaliatory Hostile Work Environment). This motion does not seek dismissal of Counts I, III, IV, V, VI, VII, IX, or X.

## I. INTRODUCTION

Both Count II and Count VIII, which the 3AC pleads against Percepta only, rest on a theory of "retaliatory hostile work environment," a cause of action that the Fifth Circuit expressly has declined to recognize. Because binding circuit authority forecloses these claims, they fail as a matter of law and must be dismissed with prejudice.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." A formulaic recitation of a claim's elements won't do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must raise a right to relief above speculation; on the

assumption they are true (even if doubtful in fact). *Id.* More than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'naked assertion[s]' devoid of 'further factual enhancement'" are required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). While the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff, it's not bound to accept "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint that pleads a cause of action not recognized under governing law necessarily fails to state a plausible claim for relief, regardless of accompanying factual allegations. And if the complaint pleads a theory of liability which the circuit court squarely rejected, Rule 12(b)(6) dismissal is appropriate because no set of facts could render the claim viable. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

In addition, by filing yet another amended complaint, Plaintiff allowed Percepta to seek dismissal of this theory, left over from earlier complaints, without being bound by any prior decision not to seek dismissal of it, because both the earlier Complaints and Percepta's earlier answers have been superseded. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("Admissions made in superseded pleadings are as a general rule considered to lose their binding force[.]"); *see also King v. Fleming*, 899 F.3d 1140, 1145 (10th Cir. 2018); *N.Y. Marine & Gen. Ins. Co. v. Boss Interior Contrs., Inc.*, 2021 U.S. Dist. LEXIS 17961, at *3 (S.D. Fla. Jan. 29, 2021) (holding "Answer, which contains Defendant's counterclaim ... , is no longer an operative pleading" after filing of amended complaint); *Syngenta Crop Prot., Inc. v. E.P.A.*, 222 F.R.D. 271, 273 n.2 (M.D.N.C.

2004) (motion for leave to amend Answer "is moot because [plaintiff's] filing of an amended complaint automatically gives [defendant] the right to file a new answer").

## III. ARGUMENT

### A. The Fifth Circuit Does Not Recognize a Cause of Action for "Retaliatory Hostile Work Environment".

The threshold question this Motion presents is straightforward: Does the Fifth Circuit recognize a freestanding cause of action for "retaliatory hostile work environment" under Title VII or 42 U.S.C. § 1981? The answer is an unequivocal no. The Fifth Circuit expressly has held, "We have not recognized a retaliatory hostile work environment cause of action." *Heath v. Bd. of Supervisors*, 850 F.3d 731, 741 n.5 (5th Cir. 2017). Other panels of the Fifth Circuit repeatedly concur. *E.g.*, *Montgomery-Smith v. George*, 810 F. App'x 252, 258 (5th Cir. 2020) ("This circuit has not recognized a retaliatory hostile work environment cause of action[.]"); *Bryan v. Chertoff*, 217 F. App'x 289, 258 (5th Cir. 2007) ("This circuit has not recognized a retaliatory hostile work environment cause of action[.]"); *Lemonia v. Westlake Mgmt. Servs.*, No. 22-30630, 2023 U.S. App. LEXIS 27717, at *6 (5th Cir. Mar. 15, 2023); *McCloud v. McDonough*, No. 22-10357, 2023 U.S. App. LEXIS 6239, at *22 (5th Cir. Oct. 18, 2023); *see also Thomas v. Tex. Dep't of Pub. Safety*, No. 1:25-CV-1413-ADA-DH, 2026 U.S. Dist. LEXIS 113950, at *18 n.1 (W.D. Tex. May 22, 2026) (magistrate judge recommendation which reasoned, "The undersigned similarly need not decide whether such a claim exists within the Fifth Circuit[.]"), *adopted*, 2026 U.S. Dist. LEXIS 171747 (W.D. Tex. Aug. 3, 2026) (Albright, J.).

The reason why makes sense. While Title VII prohibits both discriminatory hostile work environments (under 42 U.S.C. § 2000e-2) and retaliation for protected activity (under 42 U.S.C. § 2000e-3), the Fifth Circuit has not merged these concepts into a standalone "retaliatory hostile work environment" claim. A plaintiff alleging retaliation must show an adverse employment action; a plaintiff alleging a hostile work environment must show severe or pervasive harassment

based on a protected characteristic. The "retaliatory hostile work environment" theory attempts to combine elements of both, but the Fifth Circuit has found no basis for this hybrid construct. *See Heath*, 850 F.3d at 741 n.5; *Bryan*, 217 F. App'x at 258. And this result mirrors the broader principle that federal courts should not expand statutory causes of action beyond their recognized boundaries. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress"). The Fifth Circuit's refusal to recognize the retaliatory hostile work environment theory reflects a sound application of these principles.

**B. Count II Fails Because It Expressly Purports to Plead a "Retaliatory Hostile Work Environment" Under Title VII.**

Count II of the 3AC (paragraph 155 only) is entitled "Title VII Retaliatory Hostile Work Environment", is asserted against Percepta, and expressly pleads a claim for retaliatory hostile work environment under Title VII of the Civil Rights Act of 1964. [ECF 58 at 53-54].

There is no ambiguity about the theory underlying Count II. Plaintiff alleges in this claim that Percepta subjected him to a hostile work environment in retaliation for his protected activity, and not on the basis of a Title VII protected class. This is precisely the cause of action the Fifth Circuit repeatedly has declined to recognize. Because the Fifth Circuit squarely held no such claim exists in this Circuit, Count II fails to state a claim upon which relief can be granted. And Plaintiff cannot revocalize Count II as a standard discriminatory hostile work environment claim or as a standard retaliation claim. The 3AC already contains separate counts for those theories. Count I pleads Title VII retaliation based on discrete adverse employment actions, and any discriminatory hostile work environment theory would require allegations of harassment based on race or another protected characteristic, not retaliation. Count II is a distinct claim for a so-called "retaliatory hostile work environment", and it must be evaluated as pleaded. What's more, Plaintiff is well aware this theory is bogus in this Circuit given his statement that "[t]his theory is pleaded alternatively if legally cognizable[.]" [ECF 58 at 54]. Because no amendment could cure this

deficiency, as the claim is foreclosed by circuit law rather than by insufficient factual allegations, dismissal should be with prejudice. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (dismissal with prejudice appropriate where amendment would be futile).

**C. Count VIII Likewise Fails Because It Also Purports to Plead a "Retaliatory Hostile Work Environment", This Time Under 42 U.S.C. § 1981.**

Count VIII of the 3AC, spanning paragraphs 196 through 200, is titled "§ 1981 Retaliatory Hostile Work Environment" and is asserted against Percepta. Like Count II, this count expressly pleads a cause of action for retaliatory hostile work environment, this time under 42 U.S.C. § 1981.

But the Fifth Circuit's consistent holdings in *Heath*, in *Bryan*, and from the other panels applies with equal force to § 1981 claims. This is because Section 1981 claims are governed by the same analytical framework as Title VII claims in the retaliation context. *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003). Because the Fifth Circuit has not recognized a retaliatory hostile work environment cause of action under Title VII, it follows that no such cause of action exists under § 1981 either. Indeed, Plaintiff himself appears to recognize the vulnerability of this claim. Count VIII expressly states: "This Count asserts no individual hostile-environment liability. It is pleaded only if the governing law recognizes the retaliatory-environment theory[.]" [ECF 58 at 66]. This candid acknowledgment underscores Plaintiff is uncertain whether this cause of action exists under governing law. But the governing law is settled and certain. The Fifth Circuit does not recognize it. Plaintiff's own conditional pleading confirms Count VIII should be dismissed if this Circuit's appellate decisions do not support it. *Heath* and *Bryan* make clear there is no support. Count VIII therefore fails to state a claim and should be dismissed with prejudice.

As with Count II, no amendment could cure this legal deficiency. The claim is barred not for want of factual sufficiency but because the Fifth Circuit hasn't greenlighted the legal theory itself. Dismissal with prejudice is the appropriate remedy. *See Stripling*, 234 F.3d at 872-73.

**D. Dismissal of Counts II and VIII Will Not Affect Remaining Claims Against Percepta.**

Percepta emphasizes this motion is narrowly targeted. It seeks dismissal only of Counts II and VIII. Percepta does not challenge, in this Motion, any of Plaintiff's remaining claims against it, including Count I (Title VII Retaliation), Count III (Title VII Hostile Work Environment), Count IV (§ 1981 Retaliation), Count V (§ 1981 Race Discrimination), Count VI (Title VII Discrimination), Count VII (§ 1981 Hostile Work Environment), Count IX (FMLA Interference), or Count X (FMLA Retaliation). Plaintiff's factual allegations supporting those claims remain intact regardless of the disposition of this Motion. Even so, granting this Motion's request for partial dismissal will streamline the litigation by eliminating two legally unsupportable claims, allowing the parties and the Court to focus on the legally recognized theories at issue in this case.

## IV. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendant Percepta, LLC respectfully requests that this Court enter an order:

a. granting its Partial Motion to Dismiss;

b. dismissing with prejudice Counts II and VIII of the Third Amended Complaint; and

c. awarding Percepta such other and further relief as the Court deems just and proper.

Dated and respectfully submitted this 7th day of October 2026.

*s/ Matthew J. Hegarty*
Matthew J. Hegarty (admitted pro hac vice)
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
(303) 628-3418
hegartym@hallevans.com

P. Clark Aspy, Texas Bar No. 01394170
Madison N. Preston, Texas Bar No. 24096407
NAMAN, HOWELL, SMITH & LEE, PLLC
8310 N. Capital of Texas Hwy., Ste. 490
Austin, Texas 78731
(512) 479-0300
aspy@namanhowell.com
mpreston@namanhowell.com
**ATTORNEYS FOR DEFENDANT PERCEPTA, LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), the undersigned counsel certifies that, prior to filing this Motion, counsel for Percepta conferred in good faith with Plaintiff Joel Thom regarding the relief requested in this Motion. Despite counsel's good faith efforts, the parties were unable to resolve the dispute without Court intervention because of their diametrically opposing views on the propriety of the relief requested in this Motion.

*s/ Matthew J. Hegarty*
Matthew J. Hegarty

**CERTIFICATE OF SERVICE [CM/ECF]**

I hereby certify, on October 7, 2026, a true and correct copy of the foregoing **DEFENDANT PERCEPTA, LLC'S MOTION FOR PARTIAL DISMISSAL OF THIRD AMENDED COMPLAINT, COUNTS II AND VIII [ECF 58]** was filed with the Clerk of Court using the CM/ECF system and thereby served via email upon the following:

Joel Thom
jthom.nyc@gmail.com
***Pro Se Plaintiff***

P. Clark Aspy, Texas Bar No. 01394170
Madison N. Preston, Texas Bar No. 24096407
NAMAN, HOWELL, SMITH & LEE, PLLC
aspy@namanhowell.com
mpreston@namanhowell.com
***Co-counsel for Defendant***

*s/ Ann Wheeler*
Ann Wheeler, Legal Assistant
HALL & EVANS, L.L.C.