**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JOEL THOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PERCEPTA, LLC, DEREK | § | Civil Action No. 1:26-cv-00373-ADA-ML |
| CADOTTE, DARREN SMITH, | § | |
| JOSUE BRISEÑO, PAULA SMITH, | § | |
| STEPHEN HICKEY, KELLI CLARK, | § | |
| and CHAUNTRE SHAW, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT PERCEPTA, LLC'S MOTION FOR PARTIAL DISMISSAL OF THIRD AMENDED COMPLAINT, COUNTS II AND VIII (ECF No. 63)**

Plaintiff Joel Thom files this response in opposition to Defendant Percepta, LLC's Motion for Partial Dismissal of Third Amended Complaint, Counts II and VIII (ECF No. 63) (the "Motion"), and respectfully shows the following.

## I. SUMMARY

Percepta seeks dismissal with prejudice of Counts II and VIII on the premise that binding Fifth Circuit law categorically forecloses retaliatory hostile work environment liability. Its authorities do not establish that proposition. Heath treated retaliation as discrete acts because the appellant did not challenge that characterization. Montgomery-Smith and McCloud expressly reserved recognition; Lemonia declined to entertain the theory against that case's facts. Each of those appeals arose from summary judgment. Thomas likewise expressly reserved recognition while dismissing the claim on its pleaded facts. Plaintiff asks the Court to reject the asserted

categorical bar and evaluate the alternative retaliation theories against the well-pleaded facts and the governing statutory protections.

## II. THE CHALLENGED COUNTS

Count II asserts, against Percepta only, a Title VII retaliatory hostile work environment theory. (ECF No. 58 ¶ 155.) It alleges that the retaliatory course was sufficiently severe or pervasive to alter working conditions and, “alternatively,” that “its cumulative effect would dissuade a reasonable worker from continued protected opposition.” (Id.) Count VIII asserts the parallel theory under 42 U.S.C. § 1981, again against Percepta only, and alleges both severity-or-pervasiveness and, alternatively, material adversity. (Id. ¶¶ 196–200.) Both counts are expressly pleaded in the alternative and state that their rejection would not affect the discrete-act retaliation claims in Counts I and IV. (Id. ¶¶ 155, 200.) Percepta has answered every other count. (ECF No. 64.)

## III. STANDARD

Under Rule 12(b)(6), the Court accepts well-pleaded facts as true and assesses whether they plausibly establish entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A pro se pleading receives liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Plaintiff’s recognition argument is expressly preserved and supported by detailed allegations; the question is not whether Plaintiff has already proved the challenged course of retaliation.

## IV. ARGUMENT

### A. The cited authorities establish nonrecognition, but do not supply the categorical published prohibition asserted in the Motion.

**1. Heath.** Heath states: “We have not recognized a retaliatory hostile work environment cause of action.” 850 F.3d 731, 741 n.5 (5th Cir. 2017). But the opinion explains that the complaint could be read to allege retaliatory hostility, that the summary-judgment ruling treated

retaliation as discrete acts, and that Heath did not challenge that characterization on appeal. The court therefore evaluated the claim as discrete acts. Id. at 741. That appellate limitation is not a holding rejecting a preserved request to recognize the alternative theory pleaded here.

The same footnote states: "Twelve circuits have." Id. at 741 n.5. Montgomery-Smith later repeated that observation before reserving recognition. 810 F. App'x at 258. These statements demonstrate that the cited opinions distinguish nonrecognition in this circuit from a conclusion that retaliation protections cannot encompass hostile conditions. Plaintiff asks this Court to address the preserved question under those protections.

**2. Montgomery-Smith.** Montgomery-Smith v. George, 810 F. App'x 252, 258 (5th Cir. 2020), states: "We need not decide today whether to recognize such a claim." The panel affirmed summary judgment because the record did not establish the requisite harassment. Id. at 258–59. That discussion addressed the remaining Title VII claims. The separate § 1981 disposition concerned state-actor and § 1983 pleading issues, not recognition of a retaliatory-environment claim against a private employer. No. 18-30987, slip op. at 6–7, 9 (Apr. 17, 2020). The decision does not categorically dispose of Count VIII.

**3. McCloud.** McCloud v. McDonough, No. 22-10357, slip op. at 5–6 (5th Cir. Mar. 15, 2023), affirmed summary judgment and stated: "We need not decide whether one exists now," because the plaintiff could not establish the relevant hostile-environment elements. Id. at 6. Its express reservation cannot support Percepta's assertion that recognition has been squarely rejected.

**4. Lemonia.** Lemonia v. Westlake Management Services, Inc., No. 22-30630, slip op. at 17 (5th Cir. Oct. 18, 2023), states: "Against the facts in this case, we decline to entertain such a theory here." The panel affirmed a post-discovery summary judgment. Id. at 6, 17. Its adverse

result is expressly framed by that record, rather than a published categorical prohibition. Plaintiff's pleaded restrictions, monitoring, complaint-linked discipline, and threatened termination must be assessed on their own facts.

**5. Thomas.** Thomas v. Texas Department of Public Safety, No. 1:25-cv-01413-ADA-DH, ECF No. 14 at 15 n.1 (W.D. Tex. May 22, 2026), adopted, ECF No. 23 (Aug. 3, 2026), states that the court "need not decide whether such a claim exists within the Fifth Circuit." Thomas recommended dismissal at the pleading stage because its allegations did not establish a hostile environment. Id. at 15–16. That factual ruling did not decide the recognition question. Here, the incorporated allegations identify a recurrent complaint-linked course, including restrictive work arrangements, heightened monitoring, adverse characterizations of protected communications, disputed discipline, and threatened termination. ECF No. 58 ¶¶ 155, 198–200. The Court should evaluate these allegations rather than treat Thomas as a categorical bar.

Heath, Montgomery-Smith, McCloud, and Lemonia thus resolved appeals from summary judgment, not Rule 12(b)(6) dismissals holding that no pleaded facts could support the theory. The latter three are unpublished; their reasoning should be assessed for what it decides. Their record-specific dispositions support denying the asserted categorical pleading-stage bar and evaluating the sufficiency of Plaintiff's own pleaded course. Plaintiff expressly preserves the recognition question that Heath did not present for decision.

Bryan v. Chertoff likewise expressly reserved recognition. 217 F. App'x 289, 293 (5th Cir. 2007). Although the district court had concluded that the cause of action did not exist in this circuit, the appellate panel stated: "We need not decide whether to recognize a retaliatory hostile work environment claim." Id. It affirmed because Bryan's evidence did not establish the claim even under Burlington Northern. Id. at 293–94. The district court's categorical rationale

therefore cannot be attributed to the Fifth Circuit as its holding. The Motion's page-258 pinpoint is also incorrect. ECF No. 63 at 3. The substantive reservation, rather than that citation error, is the reason Bryan does not establish the asserted circuit prohibition.

**B. The alternative theory tracks the governing Supreme Court standard for retaliation.**

Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 68–69 (2006), requires contextual material adversity: conduct capable of deterring a reasonable worker from protected opposition. Count II pleads severe-or-pervasive hostility and, alternatively, cumulative material adversity. ECF No. 58 ¶ 155. The incorporated facts identify restrictive and unequal arrangements, compelled interactions, heightened monitoring, complaint-related misconduct characterizations, disputed warning history, the PIP, the October 8 warning, and threatened termination. Id. ¶¶ 49, 65–66, 106, 118, 155, 198–199. Plaintiff alleges that the conditions were imposed because of known race-related opposition and would not have occurred but for that opposition. This is an alleged course of consequential retaliatory treatment, not a request to convert ordinary workplace disagreement into liability. The alternative theory applies the governing retaliation protection to the cumulative conduct alleged. The Court should evaluate that conduct and its asserted deterrent effect rather than dismiss it solely because of its label.

**C. Count VIII rests independently on § 1981.**

CBOCS West, Inc. v. Humphries, 553 U.S. 442, 457 (2008), establishes that § 1981 encompasses retaliation. Count VIII alleges retaliation for opposing race discrimination affecting the conditions of Plaintiff's employment contract, with alternative material-adversity and severe-or-pervasive standards. ECF No. 58 ¶¶ 196–200. The retaliatory-environment discussions in Montgomery-Smith and McCloud concern Title VII; Montgomery-Smith's separate § 1981 ruling addresses state-actor pleading. Neither answers the recognition question presented by this private-employer § 1981 count. Plaintiff asks the Court to apply § 1981's retaliation protection to

the pleaded course of impairment of contractual employment conditions. Count IV separately preserves discrete § 1981 retaliation.

**D. Alternative pleading is authorized and is not a concession.**

Defendant treats the conditional alternative pleading as a concession that the theory is illegitimate. ECF No. 63 at 4–5. Rule 8(d)(2) permits alternative or hypothetical claims, and Rule 8(d)(3) permits inconsistency. Plaintiff's express preservation of the recognition question is not an admission that the theory fails. Counts II and VIII identify the governing alternatives and preserve the distinct discrete-act claims. ECF No. 58 ¶¶ 155, 200.

**E. Denial is warranted; any alternative dismissal should be without prejudice.**

The Motion depends on a categorical circuit prohibition that its authorities do not establish. The complaint expressly presents the recognition question, pleads contextual material adversity and severe-or-pervasive hostility in the alternative, and supplies the factual course supporting those theories. Plaintiff requests denial and evaluation of the challenged course under the governing retaliation protections. The summary-judgment posture and express reservations in the cited appellate cases reinforce that request.

Percepta expressly states that the factual allegations supporting the remaining claims remain intact regardless of this Motion's disposition. ECF No. 63 at 6. Any ruling must therefore remain confined to Counts II and VIII as separately pleaded theories, leaving Counts I, III, IV, V, VI, VII, IX, and X and their supporting allegations unaffected. The same conduct remains relevant to those claims to the extent otherwise admissible.

If the Court declines to recognize the alternative theories, Plaintiff requests dismissal without prejudice, confined to Counts II and VIII as separately pleaded theories. Plaintiff expressly preserves the recognition question for appellate review and requests that the order

leave the surviving claims and their supporting factual allegations unaffected. Those claims independently place the alleged retaliatory course before the Court.

## V. CONCLUSION

Plaintiff respectfully requests that the Court DENY ECF No. 63. If the Court instead dismisses Counts II and VIII, Plaintiff requests dismissal WITHOUT PREJUDICE, with Counts I, III, IV, V, VI, VII, IX, and X and their supporting allegations expressly left unaffected.

Dated: October 9, 2026
Respectfully submitted,

/s/ Joel Thom
Joel Thom, Plaintiff Pro Se
129 Esparza Drive
Bastrop, Texas 78602
jthom.nyc@gmail.com | Telephone: (347) 470-6766 | (no fax)

## CERTIFICATE OF SERVICE

I certify that on October 9, 2026, I electronically filed the foregoing with the Clerk using CM/ECF, which transmits notice and provides electronic service to registered filing users. I also served a true and correct copy by electronic mail under Rule 5(b)(2)(E) and the parties' mutual written consent established June 8, 2026, on counsel for Percepta, LLC: Matthew J. Hegarty, hegartym@hallevans.com; P. Clark Aspy, aspy@namanhowell.com; and Madison N. Preston, mpreston@namanhowell.com.

/s/ Joel Thom
Joel Thom