**FILED**
October 15, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**EXHIBIT 1**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JOEL THOM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. |
| PERCEPTA, LLC, DEREK CADOTTE, | § | 1:26-cv-00373-ADA-ML |
| DARREN SMITH, JOSUE BRISEÑO, | § | |
| PAULA SMITH, STEPHEN HICKEY, | § | |
| KELLI CLARK, and CHAUNTRE SHAW, | § | |
| Defendants. | § | |

**PLAINTIFF'S LIMITED RESPONSE TO DEFENDANT'S NOTICE OF SECOND SUPPLEMENT TO ITS MOTION FOR PROTECTIVE ORDER [ECF 65]**

Plaintiff Joel Thom, appearing pro se, submits this proposed limited response to Defendant's October 8, 2026 supplement (ECF 65), subject to leave of Court. It addresses the addition of the Ninth Set and the relief renewed in ECF 65 and its second amended proposed order. Plaintiff maintains his opposition in ECF 34. This response neither replaces the parties' joint notice under ECF 55 nor represents acceptance of Defendant's discovery proposal.

1. Collection volume should be connected to the disputed discovery.

Rules 26(b)(1), 26(b)(2)(C), and 26(c)(1) authorize limits on disproportionate, unreasonably duplicative, or unduly burdensome discovery. Plaintiff recognizes that the Court may consider the entire record supporting ECF 32, including its supplements. ECF 65 ¶ 5 reports continuing review of 2.8 million potentially responsive documents and rolling supplementation. The size of that collection is relevant, but does not by itself explain the additional work associated with the Ninth Set or justify excusing every request. Plaintiff requests identification of the disputed components, the incremental work they require, and feasible production milestones.

He does not contend that a declaration or a separate evidentiary submission for every subpart is invariably required.

2. Request counts warrant examination, not automatic excusal.

ECF 65 ¶¶ 2 and 4 characterize the Ninth Set's five numbered requests as at least 31 requests and the aggregate discovery as exceeding 380 requests. Plaintiff does not ask the Court to disregard subparts or cumulative burden. Rule 34 contains no generally applicable numerical cap, although the Court may impose appropriate case-specific limits under Rule 26. The count should be assessed together with scope, overlap, missing components, and the needs of the case. Rule 34(b)(2)(B)–(C) requires specific objections and identification of objection-based withholding; a partial objection must identify the disputed part and permit inspection of the remainder, subject to any protective order. Plaintiff requests component-specific treatment rather than categorical excusal based on the count alone.

3. Distinguish answer-dependent components from existing-record requests.

ECF 65 ¶ 3 states that the Ninth Set presupposes answers to Interrogatories 17–19. Requests 2 and 4 expressly concern grounds identified in those answers; subpart 3(g) refers to the actions identified there, and Request 5's introductory language likewise refers to those grounds and actions. That relationship should be acknowledged. Request 1 and subparts 3(a)–(f), however, identify existing information-flow, CAN, and PIP records without requiring a future answer to define the entire request. Request 5 also identifies particular existing records and events, including the August 21 proposal, May 6 warning characterization, disciplinary chronologies, and agency submissions. Plaintiff does not concede that each such record can be identified only after the interrogatory answers. Rule 26(d)(3) permits discovery in any sequence unless stipulated or ordered otherwise. Plaintiff requests identification and a defined deadline for

any genuinely dependent component, without postponing independent responsive records solely because another answer remains pending.

4. Consolidation can preserve materially distinct evidence.

Ninth Set Instruction 4 permits precise identification of previously produced documents instead of a second copy. ECF 65 ¶ 3 treats that instruction as confirmation of overlap. Plaintiff acknowledges overlap and offers consolidation; he does not equate overlapping subjects with complete satisfaction of every component. A produced final document may not supply retained drafts, delivery evidence, source records, or existing metadata sought by a distinct component. Rule 26(b)(2)(C)(i) addresses unreasonable duplication. Rule 34(b)(2)(E) permits production in the usual course of business or organized and labeled to correspond to requests; Plaintiff proposes a consolidated Bates cross-reference as a practical resolution, not an unconditional requirement in every case. Each document need be produced only once. Plaintiff does not contend that consolidation eliminates all responsiveness, privilege, redaction, or processing work.

5. The proposed restrictions should be tailored to the demonstrated need.

ECF 65-3 ¶ (b) would excuse responses to Sets 3–9; ¶ (c) would impose a 125-RFP cap on each side and leave Plaintiff 25 requests; ¶ (d) would prohibit Plaintiff's additional RFPs until November 13, 2026. Plaintiff recognizes the Court's authority to limit scope, number, and timing. He opposes these categorical terms because they could foreclose materially distinct discovery without resolving whether it remains necessary and unproduced. Relevant targets include contemporaneous standards and their communication, CAN/PIP provenance and implementation, information available to decision participants, complaint handling, and records underlying Defendant's stated reasons. These records permit Plaintiff to test credibility,

chronology, and causation in preparing for summary judgment and trial. Plaintiff requests targeted consolidation and dated milestones, rather than making completion of a collection-wide review the prerequisite to all further discovery. The proposed order supplies no production-completion date. ECF 65-3 ¶ (a) also invokes Rule 26(g)(1)(B)(ii), which concerns improper purpose. ECF 65 does not develop a separate improper-purpose argument. Plaintiff disputes such a finding; neither request count nor acknowledgment of overlap, standing alone, establishes an intent to harass, cause unnecessary delay, or needlessly increase cost. The Court should assess that ground on the actual discovery and the supporting record, rather than infer improper purpose solely from volume.

ECF 65-3 ¶ (e) additionally requires a conspicuous AI-use heading for court filings and interparty submissions. Plaintiff opposes that blanket requirement. Evidence authenticity and litigation preparation are distinct subjects; tool use alone does not establish an authenticity defect. Plaintiff requests that any remaining inquiry be tied to identified evidence and the relevant, proportional scope of ECF 40, 47, and 48, with applicable protections preserved. This response does not claim that every tool-related item is privileged or that the Court lacks authority to regulate submissions.

6. Requested disposition.

Plaintiff asks the Court to deny blanket excusal of the Ninth Set and the proposed categorical restrictions, or alternatively to tailor any restriction to identified components and supported burdens. For discovery permitted under the agreed or ordered scope, Plaintiff requests separate dates for written responses and production, rolling production of responsive nonprivileged material in the applicable ESI format, and a defined means of identifying prior production. If the Court does not decide the Ninth Set’s scope at the October 15 hearing, Plaintiff

requests an express procedure and prompt schedule for its determination. Plaintiff also requests denial of ECF 65-3 ¶ (e), without foreclosing appropriately limited authenticity discovery or the Court's disposition of ECF 40.

Dated: October 9, 2026

Respectfully submitted,
/s/ Joel Thom
Joel Thom, Plaintiff Pro Se
129 Esparza Drive
Bastrop, Texas 78602
(347) 470-6766 | jthom.nyc@gmail.com | (no fax)