**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JOEL THOM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-00373-ADA-ML |
| | § | |
| PERCEPTA, LLC, et al., | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT PERCEPTA, LLC'S FIRST MOTION TO AMEND SCHEDULING ORDER (ECF 93)**

Plaintiff Joel Thom opposes Defendant Percepta, LLC's First Motion to Amend Scheduling Order (ECF 93). Percepta identifies a real document-review workload and a need to prepare witnesses. Plaintiff does not dispute that firm deposition dates should account for a demonstrated preparation need, and he is willing to schedule the depositions on such dates. But the proposed order (ECF 93-1) would extend fact discovery from March 31 to June 2, 2027, move every expert, dispositive-motion, and pretrial deadline by about 63 days, and set no date for a single deposition. Percepta has not shown why the current deadlines cannot reasonably be met despite its diligence if the depositions are scheduled on firm dates. Plaintiff asks the Court to deny the blanket extension and to leave deposition sequencing open.

## I. BACKGROUND

The Scheduling Order (ECF 26) sets the fact-discovery deadline for March 31, 2027, and dispositive motions for July 9, 2027. The Court later vacated the pretrial conference, jury-selection, and trial settings (ECF 45). Percepta's proposed order would move fact discovery to June 2, 2027; initial expert designations from April 7 to June 9; rebuttal designations from May 19 to July 21; expert discovery from June 18 to August 20; dispositive and Rule 702 motions from July 9 to September 10; and each listed pretrial exchange by a similar interval. ECF 93-1 at

1–2. It sets no deposition date and no date for identifying corporate designees or resolving remote-examination arrangements. *Id.*

Plaintiff did not join the motion. Although its opening calls it a "First Joint Motion," Percepta's own conferral statement acknowledges Plaintiff's opposition. ECF 93 at 1 & ¶ 1. During the November 18 Microsoft Teams videoconference, Plaintiff gave two examples of prejudice, expressly stated that he had additional reasons, and offered to explain them. Mr. Hegarty declined additional examples. Decl. ¶¶ 2–3. The two examples reported in ECF 93 ¶ 1 therefore did not exhaust Plaintiff's grounds for opposing the proposed extension.

Percepta references Plaintiff's earlier January 29 availability proposal. ECF 93 ¶ 7. Plaintiff's availability has since changed because of a property sale, relocation to New York, and scheduled appointments. Plaintiff is available for his deposition on February 26, 2027, by reciprocal remote examination. Decl. ¶ 4. Plaintiff was drafting a February scheduling proposal when he saw ECF 93 and had not sent it at that point. Decl. ¶ 5. Plaintiff has not withdrawn or superseded his existing deposition notices.

## II. LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant must show that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation omitted) (cited at ECF 93 ¶ 2); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Percepta invokes the four factors this Circuit considers: the explanation for the failure to meet the deadline, the importance of the modification, potential prejudice, and the availability of a continuance to cure that prejudice. ECF 93 ¶ 3 (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir.

1997)); *S&W*, 315 F.3d at 536. The out-of-circuit and district-court decisions Percepta cites, ECF 93 ¶¶ 2–3, 7, 12, do not alter that controlling standard.

## III. ARGUMENT

### A. Percepta has not connected its stated preparation need to the extension it requests.

Percepta's explanation is specific about one thing: counsel is reviewing a large document pool for the December 13, 2026 production the Court ordered (ECF 72), and states that it will not be in a position to present a prepared corporate designee "until at least mid-January 2027." ECF 93 ¶ 7. Plaintiff credits that workload. But the motion offers no concrete timetable—witness by witness or task by task—showing why the remaining preparation and examinations cannot be completed on firm dates before the March 31 fact-discovery deadline, or why its stated constraint requires moving the fact-discovery cutoff by 63 days, let alone each expert, Rule 702, dispositive-motion, and pretrial deadline that follows. *See* ECF 93 ¶¶ 8–9. The diligence inquiry asks whether the existing deadlines "cannot reasonably be met." *Squyres*, 782 F.3d at 237. A general description of workload, followed by a uniform 63-day extension of every remaining deadline, does not answer that question for the deadlines the workload does not affect.

The importance factor points the same way. Plaintiff agrees that the depositions matter to both sides. ECF 93 ¶ 9(b). Their importance is a reason to fix definite dates, not a reason to move every later deadline while leaving the testimony itself unscheduled.

### B. A blanket extension without deposition dates prejudices Plaintiff.

First, the proposed order delays the milestones that bring this case to a merits decision. It would postpone the close of fact discovery to June 2 and the dispositive-motion deadline to September 10, 2027. ECF 93-1 at 1–2. That the Court has not reset trial, ECF 93 ¶¶ 5, 9(d), gives

the Court flexibility, but it does not show that delaying each of these steps is harmless to the party seeking relief on his claims. *See* Fed. R. Civ. P. 1.

Second, Plaintiff would bear the delay without obtaining the testimony it is said to serve. ECF 93-1 sets no date for Percepta's Rule 30(b)(6) deposition or any individual examination, and no milestone for designee identification or remote arrangements. A longer discovery period with no dates leaves open whether the key testimony will occur any earlier than the new cutoff permits. Firm dates address Percepta's stated preparation need directly; an open-ended extension does not.

Third, the timing of defense testimony determines whether Plaintiff can conduct follow-up discovery. Corporate and individual testimony about who received and routed Plaintiff's complaints, how corrective-action documents were prepared and delivered, and how work assignments, technical assistance, and performance assessments were handled may identify additional custodians, records, or witnesses. Taking that testimony on early, firm dates preserves time for follow-up under the existing schedule. Late testimony—particularly if conditioned on Plaintiff testifying first, see Part C—compresses that follow-up. A later cutoff alone does not solve the problem, because ECF 93-1 extends the calendar without addressing when the testimony will occur.

Fourth, the events at issue occurred between June 2023 and October 2024. Much of the dispute turns on oral reports, conversations about warnings and assignments, and explanations for differing treatment. Each additional postponement of testimony adds to the time already elapsed. Plaintiff does not contend that any witness has forgotten anything; he contends that delay in taking testimony is a cognizable risk that the motion does not account for.

**C. Percepta's plaintiff-first position is not a basis for this motion.**

Percepta states that it "should be entitled to depose Plaintiff first" because he bears the burden of proof and defense witnesses "are entitled to know what he will say about them." ECF 93 ¶ 7. The proposed order contains no sequencing provision, and the motion does not ask for one. Unless the parties stipulate or the Court orders otherwise for the parties' and witnesses' convenience and in the interests of justice, "methods of discovery may be used in any sequence," and one party's discovery "does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). Rule 26(d)(3) therefore gives no party automatic priority. Every plaintiff bears the burden of proof; if that alone justified priority, the rule would be the opposite of what Rule 26(d)(3) provides. And Percepta already has Plaintiff's operative complaint (ECF 58) and sworn interrogatory answers identifying his account. To the extent Percepta seeks protective relief restricting discovery, it must show good cause based on "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quotation omitted). Plaintiff asks that any ruling on ECF 93 leave sequencing open, and that Percepta's position not be treated as a reason to postpone its own witnesses.

**D. The "Catch-22" does not justify moving every deadline.**

Percepta argues that if the noticed depositions proceed, unprepared witnesses would invite a demand for a second deposition. ECF 93 ¶ 9(c). A further deposition of the same deponent requires a stipulation or leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii). Each of Plaintiff's seven notices states that he reserves only the right to seek agreement or authorization for a limited further examination if later production materially affects matters that could not fairly be examined, and that the reservation does not itself authorize another session. The answer

to a preparation concern is a firm and realistic date, not a 63-day extension of every deadline in the case.

**IV. RELIEF REQUESTED**

Plaintiff respectfully requests that the Court deny ECF 93 as filed and leave any deposition-sequencing dispute for separate resolution. Alternatively, if the Court finds good cause for a modification, Plaintiff requests that relief be limited to the particular deadlines and period supported by the identified discovery needs, with the remaining deadlines left in place.

Dated: November 18, 2026

Respectfully submitted,

/s/ Joel Thom
Joel Thom, Plaintiff Pro Se
216 George Neggan Lane
Bastrop, Texas 78602
(347) 470-6766 | jthom.nyc@gmail.com | (no fax)