**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOEL THOM,** *Plaintiff,* | § § § | |
| **v.** | § | **CIVIL NO. 1:26-CV-00373-ADA-ML** |
| | § | |
| **PERCEPTA, LLC, DEREK CADOTTE, DARREN SMITH, JOSUE BRISEÑO, PAULA SMITH, STEPHEN HICKEY, KELLI CLARK, and CHAUNTRE SHAW,** *Defendants.* | § § § § § § | |

---

**DEFENDANT PERCEPTA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR LIMIT SELECTED DEFENSES IN ECF 85 [ECF 88]**

---

Defendant Percepta, LLC ("Percepta") files this Response in Opposition to Plaintiff's Motion to Strike or Limit Selected Defenses in ECF 85 (ECF 88) ("Motion"), seeks complete and total denial of the Motion, and in support thereof would show the Court as follows:

## I. INTRODUCTION

Plaintiff asks the Court to strike, to rewrite, or to "expressly limit" four defenses in Percepta's Amended Answer (ECF 85) to Plaintiff's copious Third Amended Complaint (ECF 58) ("3AC"): Defense 15 (assumption of a known risk), Defense 20 (at-will employment), Defense 24 (after-acquired evidence), and Defense 44 (consent, estoppel, waiver, laches, or unclean hands). The Motion is insufficient for four reasons: (1) motions to strike are a disfavored and drastic remedy in this Circuit; (2) the Motion does not seek to remove any insufficient defense but seeks mere advisory rulings, which is improper; (3) each defense which Plaintiff challenges already gives him fair notice under Rule 8(b) and 8(c); and (4) Plaintiff identifies no cognizable prejudice. As such, the Motion should be denied in its entirety.

## II. RELEVANT BACKGROUND

Plaintiff's 3AC asserts ten counts against Percepta under Title VII, 42 U.S.C. § 1981, and the Family and Medical Leave Act ("FMLA") arising from his employment as a Senior Network Engineer and the end of that employment on October 24, 2024. [*See generally* ECF 58, ECF 85].

Percepta answered on October 7, 2026 (ECF 64) and served its Amended Answer within the period allowed under Rule 15(a)(1)(A) on October 28, 2026 (ECF 85). The Amended Answer begins its defenses section with a prefatory statement explaining that, because discovery had not yet begun, the defenses "are pled alternatively under Fed.R.Civ.P. 8(d)," and that Percepta "will withdraw or modify any defense as may be required under Fed.R.Civ.P. 11" if discovery shows it cannot prevail on that defense. [ECF 85 at 33]. Percepta also expressly reserved the right to amend or delete defenses once discovery was complete [*Id.* at 37 (Defense 46)].

The challenged defenses read in full:

- Defense 15: "Plaintiff's right of recovery against Percepta, if any, may be limited by any voluntary assumption of a known risk." [*Id.* at 34].

- Defense 20: "Plaintiff was an at-will employee whose employment with Percepta could have been terminated at any time, for any reason, with or without notice." [*Id.* at 35].
- Defense 24: "Plaintiff's claims may be barred by the after-acquired evidence doctrine." [*Id.*].
- Defense 44: "Plaintiff's claims may be barred in whole or in part by the doctrines of consent, estoppel, waiver, laches, or unclean hands." [*Id.* at 35].

Plaintiff admits "the same four defenses appeared in ECF 64, served October 7, 2026" and concedes he "does not claim the October 28 amendment substantively changed them." [ECF 88 at 2]. But what Plaintiff does <u>not</u> mention is that these same four defenses were in Percepta's Answer to the original Complaint too, filed May 8, 2026. [*See* ECF 12 at 10-12 (Defenses 10, 14, 18, 33)].

## III. <u>STANDARD OF REVIEW</u>

Fed.R.Civ.P. 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fifth Circuit has long held a motion to strike defenses is disfavored and rarely granted because it's a "drastic remedy" difficult to decide with no factual record. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962); *see U.S. ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 509 (S.D. Tex. 2015) (citing *Augustus*). Courts reason "striking a portion of a pleading ... often is sought by the movant simply as a dilatory tactic[.]" *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993); *see Slatter v. Triple BS Consulting, LLC*, 1:20-CV-440-RP, 2021 U.S. Dist. LEXIS 154147, at *3, 6 (W.D. Tex. June 30, 2021) (Lane, J.) (denying plaintiff's motion to strike defenses). Without doubt, that is true here. And striking a defense under Rule 12(f) is warranted only when the defense "cannot, as a matter of law, succeed under any circumstance." *U.S. v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). Plaintiff himself recognizes this standard. [ECF 88 at 3].

As to pleading sufficiency, defenses must be stated "in short and plain terms". Fed. R. Civ. P. 8(b)(1)(A). In turn, Fed.R.Civ.P. 8(c)(1) requires a party "affirmatively" to state any avoidance or affirmative defense and in its bullet points specifically lists, among others, "assumption of risk," "estoppel," "laches," and "waiver." In this Circuit, a defendant must plead an affirmative defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced," but "in some cases, merely pleading the name of the affirmative defense ... may be sufficient." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). A plaintiff has fair notice when the defense is "sufficiently articulated ... so that the plaintiff was not a victim of unfair surprise." *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993). The purpose of fair notice is so a defendant doesn't "'lie behind a log' and ambush a plaintiff with an unexpected defense." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (internal quotes omitted). But even a "technical failure to comply precisely with Rule 8(c) is not fatal" where the defense does not result in unfair surprise to the plaintiff. *Id.* at 385-86.

Finally, Rule 8(d) expressly allows a party to plead alternative and inconsistent defenses. Fed. R. Civ. P. 8(d)(2)-(3). Plaintiff doesn't challenge that right. ECF 88 at 4.

## IV. ARGUMENT

First, motions to strike are a disfavored, drastic remedy in this Circuit. A defense can't be stricken unless it can't succeed as a matter of law under any circumstance. None of the challenged defenses meets that standard, and Plaintiff concedes as much: he admits each doctrine has lawful applications and also admits the Court "may conclude narrowing or amendment is sufficient and that striking entire defenses would be unnecessary." [ECF 88 at 6-7]. Second, the Motion does not seek to remove any insufficient defense, but rather plainly requests advisory rulings defining, before testimonial discovery and before any evidentiary record for a factfinder exists, how far each defense may reach at trial. Rule 12(f) isn't a vehicle for that relief. Third, each defense gives

Plaintiff fair notice under Rule 8(b) and 8(c) pursuant to applicable precedent, indeed several are expressly enumerated in Rule 8(c)(1), and Percepta pleaded them in the short and plain terms the Rules require. Fourth, Plaintiff identifies no cognizable prejudice. The same four defenses have been in the record, unchanged, since Percepta served its original Answer October 7, 2026 [ECF 64], as Plaintiff acknowledges. [ECF 88 at 2]. The scope of each defense will be tested through discovery and, if appropriate, either during dispositive motions or at the charge conference.

**A. The Motion seeks impermissible advisory rulings on the future scope of Defenses 20 and 24, not the removal of any legally insufficient defense.**

Rule 12(f) authorizes the Court to strike an "insufficient defense." However, it doesn't authorize the Court to issue preemptive rulings that a defense, though legally viable, may be used at trial only in a manner the movant prefers. Yet that is precisely the relief which Plaintiff seeks for Percepta's Defenses 20 and 24. To wit, he demands the Court should strike Defense 24 "only insofar as" it might be argued as a bar to liability, and to strike Defense 20 "solely as an independent avoidance of liability for a proven statutory violation." [ECF 88 at 4-5]. In the alternative, he insists the Court "construe" or "expressly limit" both defenses. [*Id.* at 4-5, 7-8].

The plain language and intent of these requests confirm, without more, that the defenses themselves are not insufficient. Plaintiff concedes Defense 24 is "legally available" as a limitation on remedies [*id.* at 2, 4], and "[t]he background employment relationship" described in Defense 20 "need not be deleted" [*id.* at 2]. A defense that, by the movant's own concession, can succeed in at least some circumstances cannot be stricken under *Renda*. 709 F.3d at 479. What Plaintiff really wants is a ruling now on how the jury will be instructed, or how damages will be measured, later. Those questions are, in the binding words of *Augustus*, difficult to decide "without a factual record", 306 F.2d at 868, and they belong to summary judgment, motions in limine, or the charge conference. They aren't proper for a Rule 12(f) motion filed before any evidentiary record exists.

**B. Defense 24 is a recognized defense in Title VII and § 1981 cases and gives fair notice.**

The after-acquired evidence doctrine is well established in employment discrimination cases. The Supreme Court held in *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995), that though evidence of employee wrongdoing discovered after termination doesn't immunize an employer from liability, "the wrongdoing ... may affect the remedy available to the employee." *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 934 (5th Cir. 1996) (describing *McKennon*, 513 U.S. at 360, 362-63). The Fifth Circuit applies the doctrine to Title VII and § 1981 claims. *Patterson*, 90 F.3d at 936-37 (reviewing district court's back pay and reinstatement award in light of after-acquired evidence). To invoke the doctrine, the employer "must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Patterson*, 90 F.3d at 934 (quoting *McKennon*, 513 U.S. at 362-63).

Plaintiff does not dispute any of this. To the contrary, he relies on the same authorities and concedes, "Percepta may seek an appropriate limitation on remedies if it establishes the required facts." [ECF 88 at 4]. His only gripe is the word "barred." But Defense 24 identifies the doctrine by its specific, well-known name. [ECF 85 at 35]. And that's exactly the situation *Woodfield* contemplates, in which "merely pleading the name of the affirmative defense" would suffice. 193 F.3d at 362. The name "after-acquired evidence doctrine" tells Plaintiff exactly what Percepta intends to prove and exactly what governing law (*McKennon* and its Fifth Circuit progeny) will define its effect. There is zero risk of unfair surprise. *See Rogers*, 521 F.3d at 385-86.

Moreover, Defense 24 already reflects the legal limits Plaintiff invokes. It states Plaintiff's claims "may" be barred. [ECF 85 at 35]. Several of Plaintiff's claims arise under the FMLA, and Plaintiff himself acknowledges his requested ruling "does not decide a separate statutory eligibility or entitlement issue under the FMLA." [ECF 88 at 4]. The precise effect of after-acquired evidence on each claim and on each category of relief across three different federal statutes is a merits

question which depends on facts not yet developed. Under *Augustus* and *Renda*, that is a matter inappropriate to ask to be decided on a motion to strike. Whatever the governing law ultimately provides, it will control at trial whether or not the Court blue-pencils Defense 24 now. Plaintiff therefore suffers no prejudice from the defense as pleaded.

Percepta does not contend after-acquired evidence of wrongdoing, standing alone, supplies its actual motive for any decision it made before the evidence was discovered. Percepta will apply the doctrine as *McKennon* and *Patterson* define it. That representation fully answers the concern the Motion purports to raise and makes judicial rewriting of the defense wholly unnecessary.

**C. Defense 20 correctly states the employment relationship and is relevant to the claims.**

Defense 20 states a correct legal proposition. In Texas, "absent a specific agreement otherwise, employment is at-will and may be terminated by the employer or the employee for good cause, bad cause or no cause at all." *Williamson v. Am. Nat'l Ins. Co.*, 695 F. Supp. 2d 431, 457 (S.D. Tex. 2010) (citing *Midland Judicial Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W. 3d 486, 487 (Tex. 2002); *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W. 2d 501, 502 (Tex. 1998)). At-will status is presumed, and rebutting the presumption requires the employer to have indicated "unequivocally ... a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Id.* (quoting *Montgomery Cnty.*, 965 S.W.2d at 502).

Plaintiff doesn't dispute "at-will employment can be terminated without contractual cause or advance notice." [ECF 88 at 5]. And he agrees "[t]he background employment relationship need not be deleted." [*Id.* at 2]. He objects only to a hypothetical (and dumb) argument Percepta never has made: that at-will status immunizes an employer from liability for a termination which federal law prohibits. [*Id.* at 5]. But Percepta doesn't contend at-will status is a defense to a proven violation of Title VII, § 1981, or the FMLA. Nothing in Defense 20 says otherwise.

Defense 20 remains relevant and material. The 3AC is extensive and includes allegations about the terms, conditions, and expectations of Plaintiff's employment. [*See generally* ECF 58]. The at-will nature of the relationship implicates, among other things: whether Plaintiff had any contractual or other entitlement to continued employment, to particular procedures, or to notice (not to mention whether Plaintiff failed to abide by those applicable policies or procedures in any respect) [*see* ECF 85 at 34-35 (Defense 17]; on the legitimate, non-discriminatory reasons which Percepta has pleaded [ECF 85 at 36 (Defenses 31-32, 39, 43)]; and on the scope of any economic damages which Plaintiff may request at trial. A defense with these legion legitimate applications is not one that "cannot, as a matter of law, succeed under any circumstance." *Renda*, 709 F.3d at 479. Plaintiff's request that the Court "expressly limit" Defense 20 to guard against a phantom argument which no one has made is precisely the kind of "drastic" and premature relief against which *Augustus* and its binding progeny counsel. 306 F.2d at 868.

**D. Defenses 15 and 44 are expressly listed in Rule 8(c)(1) and give fair notice at this stage.**

Plaintiff admits, as he must, that "assumption of risk, estoppel, laches, and waiver appear in Rule 8(c)(1)." [ECF 88 at 6]. Rule 8(c)(1) requires a party to state those defenses affirmatively, and the cases reason failure to plead an affirmative defense can result in waiver. *Woodfield*, 193 F.3d at 362; Rogers, 521 F.3d at 385. Percepta pleaded them, in the "short and plain terms" Rule 8(b)(1)(A) requires, in not one but three answers filed before the close of discovery, and expressly in the alternative under Rule 8(d). [ECF 85 at 37; *see* ECF 12 at 31, ECF 64 at 37]. Plaintiff also concedes that he "does not contend that waiver, consent, or equitable limitations can never have a lawful application." [ECF 88 at 6]. That concession resolves *Renda*'s legal-sufficiency question.

Plaintiff's reliance on *Woodfield* is misplaced. In *Woodfield*, the Fifth Circuit held general references to "accord and satisfaction" and "waiver and/or release" didn't give fair notice of a different, specific contractual defense: the insured's failure to obtain the insurer's consent before

settling under a particular policy provision. 193 F.3d at 362. The problem was that the pleaded labels didn't identify the defense actually advanced later. *See id.* Here, though, Percepta pleaded the very doctrines it may assert, and nothing more is concealed. In this regard, Woodfield also confirms "merely pleading the name of the affirmative defense ... may be sufficient." *Id.*

And Defense 44's equitable doctrines also don't satisfy the condition precedent of being unable to succeed "under any circumstance." Courts in this Circuit routinely decline to strike waiver because it is a question of fact, and routinely decline to strike estoppel because, although the defendant bears a heavy burden, "the law does not preclude [it] from making such an attempt." *Niblo*, 821 F. Supp. at 453. The same is true here. Plaintiff expressly seeks equitable relief throughout the 3AC, and Percepta merely has pleaded he cannot satisfy the prerequisites for it. [ECF 85 at 37 (Defense 45); *see* ECF 58 at 53 ¶ 154, 60 ¶ 177, 67 ¶ 204, 68 ¶ 208, 71 ¶ 216, 71 (Prayer ¶ F), 72 (Prayer ¶ G)]. Equitable defenses such as laches and unclean hands bear directly on equitable remedies, and waiver, estoppel, and consent may bear on matters such as Plaintiff's participation or lack thereof in Percepta's internal complaint and investigation processes, which Percepta also separately pleaded. [ECF 85 at 34-35 (Defenses 17-18)].

Nor is there any prejudice or unfair surprise. Plaintiff has had these defenses since October 7, 2026 (indeed since May 8, 2026), and fact discovery remains open. Plaintiff may serve contention interrogatories or other discovery to learn the factual basis for any defense, which he has done, and Percepta has committed to withdraw or modify any defense that discovery shows it cannot sustain. [ECF 85 at 33, 37]. That is the proper process, not a Rule 12(f) order requiring an amended pleading. *See Rogers*, 521 F.3d at 386 (no waiver if defense was raised at "pragmatically sufficient time" without prejudice to the plaintiff's ability to respond).

**E. Plaintiff hasn't shown prejudice, and the timing of the Motion confirms none exists.**

Perhaps most importantly, Plaintiff hasn't shown (and can't show) material prejudice as required. He identifies only "uncertainty" about the reach of the challenged defenses and the subjects he must investigate. [ECF 88 at 7]. Mere uncertainty about how a defense will play out on an as-yet-undeveloped record is inherent in every case at the pleading stage and is not the prejudice that justifies a drastic remedy. *See Augustus*, 306 F.2d at 868; *Law*, 830 F. Supp. 2d at 215-16 (denying plaintiff's motion to strike affirmative defenses).

The procedural history bolds and underlines the point. Plaintiff concedes the four defenses appeared, without substantive change, in ECF 64 (served October 7, 2026), and what's more they appeared in Percepta's original Answer (served May 8, 2026). [ECF 88 at 2; *see* ECF 12 at 10-12]. But a party motion under Rule 12(f)(2) must be made "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Plaintiff didn't move against those defenses within 21 days of the filing of ECF 64 (and certainly didn't move against those defenses within 21 days of the filing of ECF 12), and instead himself laid behind a log until Percepta repeated them verbatim in its Amended Answer. Plaintiff's own Motion recognizes his arguably fatal error by asking, in the alternative, that the Court act on its own under Rule 12(f)(1). [ECF 88 at 3]. Plaintiff's reliance on an unpublished Louisiana order which baldly concluded[1] an amended answer repeating unchanged defenses restarts the Rule 12(f)(2) period doesn't bind this Court. And even if that non-published decision somehow is interesting to the Court, Plaintiff's lack of timeliness is at minimum a supporting cast member pointing to a lack of prejudice to Plaintiff and to the Court's ability to exercise its wide discretion under Rule 12(f)(1) to deny the Motion. Whether or not the Motion technically is timely, the more than month-long period (or almost six-month-long period) in which Plaintiff lived with these defenses without seeking relief only confirms they cause him no

[1] *Asante-Chioke v. Dowdle*, No. 22-4587, 2024 U.S. Dist. LEXIS 100593, at 7-8 (E.D. La. June 6, 2024) (so concluding without citing any supporting case).

cognizable prejudice. And the Court's authority to act on its own under Rule 12(f)(1) is discretionary. It doesn't lower the *Renda* standard, which the challenged defenses easily satisfy.

**F. In the alternative, any deficiency should be addressed by leave to amend, not striking.**

If the Court concludes that any challenged defense requires additional specificity, which Percepta doesn't concede is proper, Percepta respectfully requests leave to amend rather than an order striking the defense. Rule 15(a) directs that leave to amend be freely given when justice so requires. *See Patterson*, 90 F.3d at 934. Even Plaintiff himself frames his request for Defenses 15 and 44 as one for amendment within 14 days, [ECF 88 at 6, 8], and acknowledges that "narrowing or amendment is sufficient and that striking entire defenses would be unnecessary." [*Id.* at 7]. Percepta requests that any amendment period run at least 14 days from the Court's order.

## V. CONCLUSION

The challenged defenses are legally recognized, are pleaded in the short and plain terms the Federal Rules require, and give Plaintiff more than fair notice. Plaintiff concedes each has lawful applications and identifies no cognizable prejudice. His request that the Court define in advance the permissible reach of each defense is premature and outside Rule 12(f)'s proper scope.

In conclusion, for the foregoing reasons, Percepta therefore respectfully requests that the Court enter an Order: denying Plaintiff's Motion in its entirety and declining to exercise its authority under Rule 12(f)(1); in the alternative, granting Percepta leave to amend any defense the Court finds insufficient within at least 14 days of the Court's order, given Percepta's ongoing efforts in intensive document review and discovery response supplementation; and in any event, awarding Percepta all such other and further relief which the Court finds just and proper.

Dated and respectfully submitted this 20th day of November, 2026.

*s/ Matthew J. Hegarty*
Matthew J. Hegarty (admitted pro hac vice)
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
(303) 628-3418
hegartym@hallevans.com

P. Clark Aspy, Texas Bar No. 01394170
Madison N. Preston, Texas Bar No. 24096407
NAMAN, HOWELL, SMITH & LEE, PLLC
8310 N. Capital of Texas Hwy., Ste. 490
Austin, Texas 78731
(512) 479-0300
aspy@namanhowell.com
mpreston@namanhowell.com
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, a true and correct copy of the foregoing **DEFENDANT PERCEPTA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR LIMIT SELECTED DEFENSES IN ECF 85 [ECF 88]** was filed with the Clerk of Court using the CM/ECF system and thus served via email upon the following:

Joel Thom
jthom.nyc@gmail.com
***Pro Se Plaintiff***

P. Clark Aspy, Texas Bar No. 01394170
Madison N. Preston, Texas Bar No. 24096407
NAMAN, HOWELL, SMITH & LEE, PLLC
aspy@namanhowell.com
mpreston@namanhowell.com
***Co-counsel for Defendant***

*s/ Ann Wheeler*
Ann Wheeler, Legal Assistant
HALL & EVANS, L.L.C.