**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JOEL THOM, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | 1:26-cv-00373-ABD-ML |
| | § | |
| PERCEPTA, LLC, et al., | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT PERCEPTA, LLC'S MOTION TO QUASH, AND FOR PROTECTIVE ORDER AGAINST, ALL SEVEN DEPOSITION NOTICES (ECF 99)**

Plaintiff Joel Thom asks the Court to reset the seven challenged defense depositions to firm dates and grant ECF 99 only to that extent. The proposed settings begin February 22, 2027, after Percepta’s requested January 19 floor, and end March 3, before the March 31 cutoff under ECF 26. The Court can grant preparation time without conditioning deposition dates on future mutual agreement, completion of unspecified supplementation, or Plaintiff testifying first. Evidence is cited to Plaintiff’s Appendix (“App.”), filed with this response.

## I. SUMMARY

For purposes of resolving ECF 99, Plaintiff does not oppose replacing the December settings and accepts Percepta’s January 19 floor. Plaintiff twice proposed the February and March dates before the motion. App.10–12 (Nov. 19 and 23 emails). Those proposals also offered a remote examination of Plaintiff on February 26 and allowed both sides’ depositions to proceed in parallel.

Percepta offered tentative calendar holds pending witness clearance. It conditioned them on, among other things, withdrawal of Plaintiff’s opposition to ECF 93 and withdrawal of all seven

notices. Percepta said it would endeavor to clear the dates with each witness by December 18. App.10–11 (Nov. 20 email).

The requested relief and Plaintiff's proposed terms can be compared directly:

| **Percepta's request (ECF 99)** | **Plaintiff's pre-motion proposal (App.10–12)** | **Status** |
|---|---|---|
| Depositions after Dec. 13, 2026 | First deposition Feb. 22, 2027 | Timing addressed |
| No deposition before Jan. 19, 2027 | Feb. 22 – Mar. 3, 2027 | Timing addressed |
| Time for individual Defendants after their Nov. 30 answer date | About twelve weeks | Preparation time |
| Remote appearance (ECF 99 at 10) | Remote by court order under Rule 30(b)(4) | Format supported |
| Single session, Rule 30(a)(2)(A)(ii) preserved (ECF 99-9 at 2) | One initial session, subject to Rule 30 | Same initial limit |
| Dates "only on dates on which the parties agree" (ECF 99-9 at 1) | Fixed dates within the fact-discovery period | Disputed |

If any proposed setting presents a concrete conflict, Percepta can identify the affected witness and the nearest workable alternatives. The Court should set default dates and retain authority to resolve any remaining conflict.

## II. BACKGROUND

1. Between November 11 and 16, 2026, Plaintiff emailed notices for the seven challenged examinations. Thom Decl. ¶ 4, App.2; see ECF 99 at 1. Plaintiff seeks replacement settings and proper service of amended notices. The Court can resolve scheduling without deciding whether each December notice was effective.

2. The parties discussed moving the depositions at a November 18 Microsoft Teams conference. ECF 99 at 2 n.1, 5; Hegarty Decl. ¶ 12, App.38; Thom Decl. ¶ 5, App.2. The November 16 text order denied ECF 92 without prejudice and directed live conferral by November 29. ECF 99 presents the defense request arising from that dispute.

3. On November 19, Plaintiff proposed the February 22 through March 3 settings listed below, with his own remote examination on February 26 and neither side required to complete its examinations first. App.10.

4. On November 20, Percepta offered only tentative holds on counsel's calendars, subject to witness clearance and stated conditions. Counsel said it would endeavor to clear the proposed dates by December 18. App.10–11.

5. On November 23, Plaintiff declined the conditions, renewed the dates and proposed a written remote stipulation. He offered to serve amended notices after written agreement and proposed a method for identifying conflicts. App.11–12.

6. On November 24, counsel announced an impasse and said Percepta would file. Plaintiff's later reply requested that both replacement proposals be included in the account of his position and renewed his offer. App.12–13.

7. ECF 99 acknowledges that the six individual Defendants and corporate designee can appear remotely. ECF 99 at 10. It proposes a January 19 floor, followed by dates requiring agreement after production and supplementation. ECF 99 at 11; ECF 99-9 ¶ (c).

## III. LEGAL STANDARD

Rule 26(c)(1)(B) authorizes terms fixing time and place for discovery upon good cause. The movant must make a "particular and specific demonstration of fact." In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998). If the Court denies protection in whole or in part, Rule 26(c)(2) authorizes discovery on just terms.

## IV. ARGUMENT

A. The proposed reset accommodates production, preparation, and one examination.

Percepta's Motion is directed to the December settings. It argues that:

- the dates fall around December 13, which Percepta identifies as its production deadline;
- witnesses cannot be prepared before production and supplementation are complete; and
- the individual Defendants would be deposed shortly after their November 30 answer date.

ECF 99 at 6–10. Hegarty's declaration describes a review pool of about 2.8 million documents and counsel's effort to supplement two sets of responses by December 13. Hegarty Decl. ¶¶ 4–11, App.36–37. Those facts support moving the December settings. February 22 is 71 days after December 13 and 34 days after Percepta's January 19 floor. The declaration identifies no particular conflict with the replacement dates.

Plaintiff seeks one initial examination of each deponent. Later examination would require stipulation or leave under Rule 30(a)(2)(A)(ii). Rule 30(d)(1) ordinarily allows one day of seven hours, with additional time governed by the rule. A defined initial schedule addresses the concern about piecemeal examination.

B. Firm default dates address the actual impasse.

The proposed order requires both future agreement and completion of two supplemental response sets, without a deadline for those responses. ECF 99-9 ¶ (c). Counsel described the target for supplemental responses as "self-imposed" on November 20. Hegarty's declaration identifies December 13 as the target. App.11; Hegarty Decl. ¶ 9, App.37. The written order describes supplementation continuing "on a rolling basis as Defendant is able" and sets no completion date. ECF 72 at 3. It restricts additional requests for production until at least December 13. ECF 72 at 2–3. Its written terms do not condition depositions on completion of the supplemental

responses. The requested February dates accommodate the workload counsel describes. Any particular late production that affects preparation can be addressed witness by witness.

Percepta's November 10 email states, "we intend to take your deposition first," and says it would offer defense deposition dates after taking Plaintiff's deposition. App.23–24. ECF 93 ¶ 7 advances that same sequencing position. On November 20, Percepta conditioned tentative calendar holds in part on withdrawal of Plaintiff's opposition to ECF 93. App.10. Plaintiff renewed the dates without accepting that condition. Fixed dates preserve the preparation period while allowing either side to proceed under Rule 26(d)(3).

If a specific witness or pending production issue genuinely prevents a setting, require a timely written explanation and alternatives. A listed setting remains the default unless replaced by written agreement or modified by the Court. If the parties cannot resolve a conflict, require a short joint status report with concrete alternatives and each side's position.

Rule 26(d)(3) permits discovery in any sequence absent stipulation or court order. Plaintiff's February 26 offer does not require either side to go first. If an actual witness or topic depends on earlier testimony, Percepta can identify that dependency and seek tailored relief.

C. Percepta's authorities support witness preparation and tailored scheduling.

Percepta properly invokes its obligation to prepare corporate testimony on information known or reasonably available to it. See Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006). The replacement schedule gives Percepta preparation time and requires the parties to confer about the corporate topics under Rule 30(b)(6). It also leaves room to address a specific late production or topic dispute promptly.

In Kleppinger v. Tex. Dep't of Transp., 283 F.R.D. 330, 336 (S.D. Tex. 2012), the plaintiff sought to defer his own second deposition until outstanding discovery was supplied. Whatever

force that rationale has for December, Percepta's papers do not identify a specific witness, set of materials, or preparation task requiring an open-ended condition after its own January floor. ECF 99 at 6–10; Hegarty Decl. ¶¶ 8–13, App.37–38.

Current Rule 26(b)(2)(C)(iii) concerns discovery outside Rule 26(b)(1)'s scope. Proportionality and duplication remain relevant under Rule 26(b)(1) and (b)(2)(C)(i). The requested reset addresses both concerns through reasonable lead time and one initial session per witness.

The Court can leave the sufficiency of the December notices unresolved. Plaintiff seeks prospective relief through properly served replacement notices under Rules 5 and 30(b)(1).

D. Set the remote format and logistics expressly.

Rule 30(b)(4) permits a stipulation or a court order on motion for remote examination and treats the place of examination as where the deponent answers. The November 10 agreement concerned Clark and Shaw. Hegarty Decl. ¶ 11, App.37. ECF 99 now represents that all seven challenged examinations can proceed remotely. ECF 99 at 10. An express order will resolve format and preserve the obligation to arrange a qualified deposition officer under Rules 28 and 30(b)(5).

Counsel's November 5 email recognized time to check possible witness locations. App.17 (Nov. 5 email). Percepta said it could not present a prepared designee "until at least mid-January 2027." ECF 93 ¶ 7. That was its earliest estimate. Plaintiff proposes these logistics deadlines:

- by December 18, 2026, the same date Percepta set for clearing witness dates, and 32 days after the November 16 Rule 30(b)(6) notice was emailed, any objection to the Rule 30(b)(6) matters is raised after conferral, so that topic disputes do not displace the settings; and

- by January 8, 2027, 45 days before the first setting, Percepta identifies each deponent's answering city and state, and each designee's name and assigned matters. The January 8 date fixes a deadline for the witness-location disclosures Percepta proposes to make a reasonable time before the reset dates. ECF 99-9 ¶ (e).

E. Specify a workable method for serving amended notices.

The October 20 email identified counsel as representing the six individuals and expressly limited the stated service authority to Rule 4(d). App.29–30 (Oct. 20 email). Percepta now seeks relief on their behalf. ECF 99 at 1. Require counsel to confirm who is authorized to receive amended notices for each Defendant and the proper mailing address. For represented parties, Rule 5(b)(1) directs service to counsel. Serve by mail under Rule 5(b)(2)(C) or by email with applicable written consent under Rule 5(b)(2)(E).

F. The conference account is incomplete.

Hegarty's declaration describes the November 23 deadline as one for withdrawing the seven notices. Hegarty Decl. ¶ 13, App.38. The November 20 email also required Plaintiff to file a withdrawal of his opposition to ECF 93. App.10–11. Plaintiff renewed the replacement dates without accepting those conditions. This correspondence supplies the specific reason the parties did not reach agreement and explains why a schedule requiring further agreement would leave the dispute unresolved. See Local Rule CV-7(g). Plaintiff offers the authenticated thread to show the proposals and conditions communicated. Thom Decl. ¶¶ 2–3, App.2; Fed. R. Evid. 901(b)(1).

G. Reserve Plaintiff's own deposition format and location.

Plaintiff has offered February 26 at 10:00 a.m. Central Time remotely. Thom Decl. ¶ 6, App.3. Percepta requested an Austin examination on November 10 and later reserved the option of an in-person examination in the New York City area. App.23–24; App.11. ECF 98 at 5 raises a

concern about remote testimony from Plaintiff, while ECF 99 at 10 confirms the seven defense witnesses can appear remotely. Plaintiff's preferred resolution remains reciprocal remote examination. He remains willing to discuss a New York-area alternative given his relocation to New York and the Court's order granting in forma pauperis status. ECF 5; App.33 (ECF 94-1 ¶ 4).

Those terms remain available for live conferral. ECF 99 concerns seven defense examinations. Reserve Plaintiff's format, location and expenses for a written stipulation or, following the required live conferral, a separate request under Rules 26(c)(1)(B) and 30(b)(4).

**V. RELIEF REQUESTED**

Plaintiff asks the Court to grant ECF 99 only to reset the seven December settings, deny the agreement-only and open-ended production conditions, and enter the following terms under Rules 26(c) and 30(b)(4):

(a) Reset the December settings without adjudicating whether the original notices were effective. Require properly served amended notices for the replacements.

(b) The depositions will proceed at 10:00 a.m. Central Time on these dates in 2027:

- Percepta (Rule 30(b)(6)): February 22
- Clark: February 23
- Briseño: February 24
- Shaw: February 25
- Hickey: March 1
- Paula Smith: March 2
- Cadotte: March 3

(c) By December 18, 2026, require Percepta to identify specific conflicts and propose the nearest alternatives before the operative cutoff. By January 4, 2027, require written confirmation of agreed replacements or a joint status report identifying each unresolved conflict, proposed alternatives, and each side's position. A listed date remains in effect absent written agreement or court order.

(d) The depositions will proceed by remote means under Rule 30(b)(4). Each deposition takes place where the deponent answers the questions.

(e) By January 8, 2027, Percepta will identify each deponent's answering city and state, and each Rule 30(b)(6) designee's name and assigned matters.

(f) Any objection to the Rule 30(b)(6) matters for examination will be raised, after conferral, by December 18, 2026.

(g) By December 18, require Percepta to confirm authorized counsel and mailing addresses for the six individual Defendants. Plaintiff will serve counsel by mail under Rule 5(b)(2)(C), or by email with applicable written consent under Rule 5(b)(2)(E), and give reasonable written notice under Rule 30(b)(1).

(h) Each deposition will proceed in a single session under Rule 30(d)(1), without prejudice to any party's right to seek relief under Rule 30(a)(2)(A)(ii).

(i) Provide that either side's discovery may proceed in parallel under Rule 26(d)(3), subject to a stipulation or subsequent court order.

(j) Reserve Plaintiff's deposition format, location and expenses for stipulation or separate determination.

(k) Direct each side to bear its own expenses on ECF 99 under Rules 26(c)(3) and 37(a)(5)(C).

Decide the motion on the papers if the Court finds a hearing unnecessary.

Dated: November 25, 2026

Respectfully submitted,

/s/ Joel Thom
Joel Thom, Plaintiff Pro Se
216 George Neggan Lane
Bastrop, Texas 78602
(347) 470-6766 | jthom.nyc@gmail.com | (no fax)

**CERTIFICATE OF COMPLIANCE**

I certify that the appendix filed with this response complies with the Standing Order on Appendices (July 27, 2026).

/s/ Joel Thom
Joel Thom, Plaintiff Pro Se

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2026, I filed this response, its appendix, and the proposed order through the Court's CM/ECF system, which served them on Matthew J. Hegarty, P. Clark Aspy, and Madison N. Preston, counsel of record for Defendant Percepta, LLC. Through those counsel, ECF 99 seeks relief on behalf of Percepta and Defendants Derek Cadotte, Josue Briseño, Paula Smith, Stephen Hickey, Kelli Clark, and Chauntre Shaw. ECF 99 at 1; Fed. R. Civ. P. 5(b)(1), 5(b)(2)(E).

Defendant Darren Smith has not appeared, and no counsel has appeared for him. He was not served with these papers.

/s/ Joel Thom
Joel Thom, Plaintiff Pro Se